CITY OF HOUSTON, Diana Kay Ball, and Robert John Collins, Relators,

v.

Hon. Ken HARRISON, Judge, 165th Judicial District Harris County, Respondent.

No. B14–89–00821–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 2, 1989.

Diana K. Ball, Robert J. Collins, Houston, Russell H. McMains, Corpus Christi, Byron Lee, Houston, for relators.

Paul Spradlin, W. James Kronzer, Houston, for respondent.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

PER CURIAM.

On September 1, 1989, relators filed a motion for leave to file petition for writ of mandamus requesting this Court to order respondent to vacate his orders signed August 28, 1989.

The orders of August 28, 1989, held both Diana Kay Ball and Robert John Collins in contempt of court for failing to answer questions propounded to them during a deposition. The order further commands Ball and Collins to answer the objectionable questions. Respondent suspended the sentence pending mandamus review. Diana Kay Ball and Robert John Collins refused to answer the questions on the grounds their answers would divulge privileged attorney-client communications of the City and privileged attorney work product. Collins additionally invoked the party communications privilege.

Jay Howard Hill sought worker's compensation benefits from the City and damages for the City's alleged breach of the duty of good faith and fair dealing in handling his claim. Respondent rendered a total and permanent incapacity judgment for Hill. The breach of good faith and fair dealing was severed from the worker's compensation claim and tried separately in a bench trial. On September 7, 1988, respondent signed the judgment awarding damages to Hill. The City was unaware of the judgment until May 1989, when Hill made a demand for payment.

The City filed a bill of review on June 19, 1989. In its petition the City made several specific and serious allegations that "Hill, acting by and through Hill's attorney of record, Mr. James R. Spradlin, fraudulently, wrongfully, knowingly, and intentionally, or accidentally and mistakenly" committed several wrongful acts. On August 1, 1989, Hill subpoenaed Ball, an attorney for the City, to testify by deposition. On August 2, 1989, Hill filed a motion for sanctions under TEX.R.CIV.P. 13. At the deposition, Hill sought to discover what inquiries Ball made into the bill of review allegations before signing and filing the petition. Ball refused to answer these questions contending the information is privileged. Respondent ordered her to answer the questions and found her in contempt of court for failing to answer.

Hill noticed the deposition of Collins. At the deposition, Collins refused to answer questions, similar to the ones asked of Ball, claiming the information is privileged. Respondent ordered Collins to answer the questions and found him in contempt of court for refusing to answer.

TEX.R.CIV.P. 13 provides: The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed *after reasonable inquiry* the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. Sanctions are available for the violation of this rule.

It is clear that the questions propounded sought to discover what reasonable inquiry had been made before the bill of review was filed. Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916 (Tex.1985). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* A relator who attacks the ruling of a trial court as an abuse of discretion labors under a heavy burden. *Id.* The relator must establish, under the circumstances of the case, that the facts and law permit the trial court to make but one decision. *Id.* This the relators have failed to do. We find respondent did not abuse its discretion in ordering Ball and Collins to answer certain questions and in holding Ball and Collins in contempt for their failure to do so.

Accordingly, we overrule relators' motion for leave to file petition for writ of mandamus.